(44 Misc. Rep. 44.)

## JACKSON v. JACKSON.

(Supreme Court, Special Term, New York County.  June, 1904.)

1. TRIAL—PREFERENCE ON CALENDAR—ADMINISTRATRIX—DEFENDANT.

Plaintiff moved, under Code Civ. Proc. § 791, subd. 5, for a preference on the calendar on the ground that an administratrix was the sole party defendant.  Defendant opposed the motion on the ground that no copy of the pleadings or affidavit was annexed to the notice, reciting why the action should be so preferred.  *Held*, that as defendant's attorney had a copy of the pleadings, which copy was handed up to the court on the motion, there was unquestionable proof before the court that an administratrix was the sole party defendant, authorizing plaintiff to the preference given by the statute.

2. SAME.

The statutory preference given in an action against an administratrix by Code Civ. Proc. § 791, subd. 5, will not be denied because the action is for an amount within the jurisdiction of the Municipal Court.

3. SAME—SPECIAL TERM.

The rule of the Trial Term that statutory preference given by Code Civ. Proc. § 791, subd. 5, in an action against an administratrix, shall not be granted without some additional reason, does not apply to the Special Term calendar.

Action by Henry Jackson against Bertha Jackson, administratrix. Motion for preference on Special Term calendar.  Granted.

Jacob J. Aronson, for the motion.
John Bogart, opposed.

GILDERSLEEVE, J.  The plaintiff served a notice of motion for a preference, which notice stated that the motion was made on the pleadings and all papers and proceedings in the action, and that the claim for a preference was based upon the ground that an administratrix is the sole party defendant, which fact entitles plaintiff to a preference, under section 791, subd. 5, of the Code.  The defendant opposes the motion on the ground that no copy of the pleadings or affidavit was annexed to the notice, "reciting why the above-entitled action should be preferred."  In support of this contention the learned counsel for defendant cites the cases of Marando v. Gillespie Co., 54 App. Div. 488, 66 N. Y. Supp. 1027, and Roberts v. Jenkins, 52 App. Div. 491, 65 N. Y. Supp. 385, in which it is held that "the right to a preference upon the calendar will not be inferred from the simple fact that the title of the action indicates that the plaintiff [or defendant] is an administrator."  It appears from the language of the

opinion in each of these cases that the record before the appellate court did not contain the pleadings, or anything from which the court was able to determine that the plaintiff was entitled to the preference claimed. In the case at bar the notice, as we have seen, stated the grounds for a preference, and based the motion upon the pleadings, of which, of course, defendant's attorney had a copy, and of which a copy is handed up to the court on this motion. There is therefore unquestionable proof before the court that an administratrix is the sole party defendant, and that the plaintiff is entitled to have the cause given a preference under section 791, subd. 5, of the Code. It is very clear, therefore; that the authorities of Marando v. Gillespie and Roberts v. Jenkins do not apply here.

The learned counsel for the defendant further objects that no particular reason is given for a preference, beyond the statutory claim, and in support of this objection he cites the Trial Term decisions of Eising v. Young, 38 Misc. Rep. 12, 76 N. Y. Supp. 698, and Davis v. Westervelt, 38 Misc. Rep. 13, 76 N. Y. Supp. 695, where it was held that the statutory preference given by section 791 of the Code will not be permitted to advance an action on the Trial Term calendar of the First Department over issues noticed for trial at prior Trial Terms, but that, to secure such a result, some additional reason must appear, and that such action is otherwise only entitled to a preference over other issues of the same term as that for which it is noticed. This rule applies to the Trial Term practice, but it has at present practically little application to the practice of the Special Term, for the reason that the same state of facts and condition of affairs do not exist with reference to the Trial and Special Term calendars in the First Department, inasmuch as the latter calendar is kept up to date, while the former is much behind in the matter of the disposition of actions pending.

Finally, the learned counsel for defendant alleges that this action is only for the sum of $278, and should have been brought in the Municipal Court. I do not think, however, that a denial of a motion for a preference should be based solely upon this ground.

As no other valid reason is offered for a denial of the motion, it follows that this application for a preference should be granted. An order may be handed up granting the motion for June 22, 1904.

Motion granted.